TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Amber W. Gunter

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| Amber W. Gunter, | Case No.: '15CV1685 BTM MDD |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **FOR VIOLATIONS OF:** |
| Pinnacle Recovery, Inc., | **1. THE FAIR DEBT COLLECTION PRACTICES ACT** |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, Amber W. Gunter (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Pinnacle Recovery, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Taylorsville, Kentucky, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a business entity located in Carlsbad, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11. Within the last year, Defendant began calling Plaintiff in an attempt to collect a debt.

12. At one point, Defendant harassed Plaintiff by calling four times in one day.

13. Defendant's agent left multiple messages on Plaintiff's voicemail wherein the agent failed to identify his employer and failed to state that Defendant was calling to collect a debt.

14. Over the course of multiple conversations, Defendant's agent spoke to Plaintiff in a rude and offensive manner, calling Plaintiff's husband a "liar" and referring to Plaintiff as "stupid".

COMPLAINT FOR DAMAGES

15. Fed up with Defendant's harassment and abuse, Plaintiff complained to the original creditor, who then agreed to waive the collection fees and to accept the balance due on the alleged debt directly from Plaintiff.

16. Plaintiff paid the alleged debt in full to the original creditor.

17. Nonetheless, Defendant continued to call and harass Plaintiff, insisting that Plaintiff still owed "collection fees".

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

18. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

19. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

20. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

21. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

22. Defendant used obscene or profane language or language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2).

23. Defendant caused Plaintiff's phone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously, with the intent to annoy, abuse and harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

24. Defendant placed telephone calls to Plaintiff without disclosing the caller's identity, in violation of 15 U.S.C. § 1692d(6).

25. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

26. Defendant's agent communicated with Plaintiff and failed to disclose that he was a debt collector and/or that he was attempting to collect a debt, in violation of 15 U.S.C. § 1692e(11).

27. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

28. Defendant attempted collected an amount from Plaintiff that was unauthorized by agreement or law, in violation of 15 U.S.C. § 1692f(1).

29. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. Plaintiff has been harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  July 30, 2015                TRINETTE G. KENT

By: */s/  Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Amber W. Gunter

COMPLAINT FOR DAMAGES